IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Alberto Taboada[1],           )
                              )
                   Petitioner,) Case No. 1:03-CR-54
                              )
     vs.                      )
                              )
United States of America,     )
                              )
                   Respondent.)


Opinion and Order


This matter is before the Court upon Alberto Taboada's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  The basis for Mr. Taboada's motion is his allegation that his appellate counsel was ineffective, in violation of rights secured to Mr. Taboada by the Sixth Amendment to the United States Constitution, for failing to file an appeal brief and, more particularly, to argue on appeal that Mr. Taboada's sentence violated the principles set forth in the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), which issued while Mr. Taboada's appeal was pending.

The record in this matter establishes the following.  Pursuant to a plea agreement dated October 23, 2003, Mr. Taboada agreed to enter a plea of guilty to Count Two of the Indictment in this matter.  Count Two charged Mr. Taboada with bank fraud

---

[1] Petitioner's surname is spelled T-O-B-O-A-D-A by the Government and T-A-B-O-A-D-A by Petitioner.

in violation of 18 U.S.C. § 1344.  Mr. Taboada acknowledged that the maximum term of imprisonment for that offense is thirty years.  Mr. Taboada and the United States stipulated that the amount of loss resulting from his offense was $231,302.09.

At a change of plea hearing on October 23, 2003, Mr. Taboada again represented that he understood that the maximum period of imprisonment for his offense under the applicable statute was thirty years.  He acknowledged that he had fraudulently obtained at least $200,000 in electronics from retail stores.

In the presentence investigation report prepared by the United States Probation Department in advance of Mr. Taboada's sentencing, the amount of loss attributed to him was $231.302.09, the figure to which Mr. Taboada stipulated in the plea agreement.  On the basis of that figure, the Probation Department calculated the sentencing range under the United States Sentencing Guidelines to be eighteen to twenty-four months, well within the range prescribed by statute.  The Court sentenced Mr. Taboada to twenty-four months of imprisonment.  The Court explicitly accepted the amount of loss figure to which Mr. Taboada had stipulated.

At the conclusion of the sentencing hearing, Mr. Taboada's retained counsel moved to withdraw for purposes of appeal.  The Court granted the motion and advised that, to the extent that Mr. Taboada was eligible for appointment of appellate counsel, he would be required to file the motion for appointment of counsel with the Court of Appeals.  Mr. Taboada indicated that he wished to appeal the sentence in this matter, and

on June 24, 2004, the date of sentencing, the Court's Clerk filed a notice of appeal on Mr. Taboada's behalf.

In August 2004, Mr. Taboada filed an affidavit of indigency and motion for appointment of appellate counsel with this Court. On August 31, 2004, the Court issued an order advising Mr. Taboada that his motion and affidavit should be filed with the Court of Appeals. The Court is unable to ascertain that Mr. Taboada sought appointment of appellate counsel in the Court of Appeals. In any event, that court dismissed his notice of appeal for want of prosecution on February 22, 2005. Petitioner filed the present motion on October 20, 2005.

Petitioner bases his ineffectiveness claim upon appellate counsel's failure to file an appeal brief. He contends that, had his counsel filed such a brief, he could have argued that the sentence in this matter was imposed in violation of the principles articulated in Booker, supra, which was decided six weeks prior to the Court of Appeals' dismissal of his notice of appeal and was, therefore, applicable to his sentence. See United States v. Saikaly, 424 F.3d 514, 517 (6th Cir. 2005).

As the Court has noted, the record does not establish that Mr. Taboada was represented by counsel at any time during the pendency of his appeal. This Court had orally granted Mr. Taboada's trial counsel's motion to withdraw at the conclusion of the sentencing hearing. Mr. Taboada does not represent that he ever sought appointment of appellate counsel by the Court of Appeals, although this Court advised him to do so on two occasions. Accordingly, Mr. Taboada was not, apparently, represented by counsel

through his own fault.  Under those circumstances, his ability to assert an ineffective assistance of counsel claim under 28 U.S.C. § 2255 is questionable.  Assuming, however, strictly for the sake of argument, that Mr. Taboada's trial counsel had an obligation to file an appeal brief, Mr. Taboada has identified only one issue that, in his estimation, could have been successfully raised on appeal:  the application of Booker's teachings to his sentence.

This Court sentenced Mr. Taboada to a term of incarceration at the high end of the range suggested by the Sentencing Guidelines.  The sentence was well within the range prescribed by statute, which would have permitted a term of up to thirty years of imprisonment.  Mr. Taboada acknowledges that the Sentencing Guidelines are advisory in light of Booker and that this Court must generally give them careful consideration in choosing a sentence within the range prescribed by the applicable statute.  Even though the sentence of imprisonment selected by the Court was within the Guideline range and authorized by the applicable statute, Mr. Taboada argues that he was sentenced in violation of the principles articulated in Booker.

Mr. Taboada identifies the Booker issue in his case as follows:

> Since movant was sentence [sic] under a mandatory guideline sentence, movant would have been successful on appeal had counsel raised a Booker challenge, thus, his sentence [sic] vacated and reversed for resentencing under a [sic] advisory guideline system due to 6th Circuit precedents.

Mr. Taboada has not attempted to identify the manner in which <u>Booker</u> might have altered the Court's deliberations with respect to his sentence had it been applicable at the time of sentencing.

The Court based its sentence upon the guideline applicable to the offense to which Mr. Taboada pleaded guilty, enhanced in accordance with his admission regarding the amount of loss. The only adjustment to the offense level thus calculated was a three-level reduction for acceptance of responsibility and a timely plea. Mr. Taboada was in the lowest criminal history category; therefore, the length of his sentence was not increased by virtue of findings of fact with respect to his criminal history.

In arriving at its sentence, this Court did not consider any fact not admitted by Mr. Taboada. It did not, therefore, engage in any fact-finding in order to support its sentence. More importantly, it did not engage in fact-finding that took the sentence outside the statutory range. In light of those circumstances, the Court can conceive of no meritorious argument that the sentence imposed upon Mr. Taboada violated the principles articulated in <u>Booker</u>. See <u>United States v. Davis</u>, 397 F.3d 340, 350 (6th Cir. 2005)("the Sixth Amendment forbids a judge from increasing a defendant's sentence based on facts not admitted by the defendant or proven to a jury"). Mr. Taboada cannot, therefore, establish that his appellate counsel, to the extent that he was represented by counsel, was ineffective in failing to raise <u>Booker</u>-related claims on appeal. Because he has identified no other issue that could have been raised on appeal, Mr. Taboada has failed to demonstrate that counsel would have been ineffective, in violation of the Sixth

Amendment, in failing to file an appeal brief.  Accordingly, his motion under § 2255 (Doc. 56) is not well-taken and is hereby **DENIED**.  His motion for an expeditious ruling (Doc. 65) is **MOOT**.

       **IT IS SO ORDERED.**

                                             /s/
                                Sandra S. Beckwith, Chief Judge
                                United States District Court